UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Clifford Stubbs, | Case No.: 2:25-cv-01434-CDS-MDC |
| Petitioner | **Order Vacating Prior Dismissal Order** |
| v. | |
| State of Nevada, | [ECF Nos. 5, 6] |
| Respondents | |

Petitioner Clifford Stubbs, a pro se Nevada prisoner, initiated this case by submitting a petition for writ of habeas corpus under 28 U.S.C. § 2254. Pet., ECF No. 1-1. I denied Stubbs's application to proceed *in forma pauperis* (IFP) and instructed him to pay the $5 filing fee no later than October 17, 2025. ECF No. 3. Stubbs paid the filing fee on December 2, 2025. ECF No. 4. However, I inadvertently dismissed the petition without prejudice for failure to comply with the court's order instructing him to pay the filing fee. ECF No. 5. Accordingly, I vacate my order dismissing his petition without prejudice for failure to comply with the court's order and screen his petition. I, however, nonetheless conclude that the petition is subject to substantial defects and summarily dismiss his petition without prejudice.

I.    **Discussion**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Stubbs fails to allege a cognizable federal habeas claim. The Antiterrorism and Effective Death Penalty Act (AEDPA) "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim." *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993).

Although Stubbs mentions "due process" in his petition, his petition is nearly inscrutable. A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997). As best I can tell, it does not set forth any potentially meritorious claim that his custody violates federal law.

In addition, Stubbs was denied federal habeas corpus relief in 2005. *See Stubbs v. Budge*, Case No. 3:03-cv-00022-LRH-RAM. The Antiterrorism and Effective Death Penalty Act ("AEDPA") generally limits habeas petitioners to one round of federal habeas review. 28 U.S.C. § 2244. Stubbs has already received federal habeas review of his conviction. To receive further collateral review, he must secure permission from the Ninth Circuit to file a second or successive § 2254 habeas petition.[1] *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (under § 2244(b)(3), federal district courts lack jurisdiction to entertain a petitioner's successive habeas petition absent permission from the Court of Appeals to do so). Accordingly, I deny the petition and dismiss this action without prejudice to its refiling should Stubbs obtain permission to do so from the Ninth Circuit.

---

[1] The All Writs Act, 28 U.S.C. § 1651, allows the Court to grant extraordinary writs where the Court has jurisdiction. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33–34 (2002). Thus, it does not provide an independent basis for jurisdiction for a petition for a writ of mandamus or prohibition. *See id.*

## II. Conclusion

I order that the court's order **[ECF No. 5]** dismissing the petition without prejudice **is vacated**.

I further order that petitioner Clifford Stubbs's petition for writ of habeas corpus **[ECF No. 6] is dismissed without prejudice** to its refiling should Stubbs obtain permission from the Ninth Circuit.

I further order that the petitioner is denied a certificate of appealability, as jurists of reason would not find dismissal of the petition for the reasons stated herein to be debatable or wrong.

I further order that pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will direct informal electronic service upon the respondents, and provide to the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

The judgment in favor of the State of Nevada against Clifford Stubbs **[ECF No. 7] stands**.

Dated: December 9, 2025

_____
Cristina D. Silva
United States District Judge